OPINION
{¶ 1} Plaintiff-appellant Tara L. Whitacre appeals from a summary judgment rendered against her on her claim for coverage for an automobile accident, in a declaratory judgment action brought against her automobile insurer, defendant-appellee Safe Auto Insurance Company. Whitacre contends that there is a genuine issue of material fact whether a notice of non-renewal of the policy sent to her by Safe Auto constituted a waiver of a limitation upon the scope of coverage; to wit: that no coverage is afforded if the covered auto is being operated by a person whose driver's license has expired.
 {¶ 2} We conclude that the notice of non-renewal Safe Auto sent to Whitacre cannot reasonably be construed as a waiver of the limitations upon the scope of the coverage contained within the policy. Accordingly, the trial court correctly determined that there is no genuine issue of material fact, and the summary judgment rendered against Whitacre is Affirmed.
 I {¶ 3} The facts are not in dispute. Safe Auto issued Whitacre a policy of automobile insurance commencing January 8, 2004, and expiring July 8, 2004. The policy included the following limitation upon the scope of coverage afforded therein:
 {¶ 4} "No coverage is afforded under any section of this policy if the covered auto is being operated by a person who is not a qualified, licensed driver, or is without a valid driver's license, or whose driver license is expired, revoked or suspended, or is in violation of any condition of their driving privileges, or is without privileges to drive for any reason."
 {¶ 5} At some point, Whitacre failed to renew her driver's license, and it expired.
 {¶ 6} On June 4, 2004, Safe Auto sent Whitacre a notice of non-renewal that included the following:
 {¶ 7} "This notice is to inform you that the insurance policy listed above will not be renewed. The policy will expire and all liability of Safe Auto Insurance Company will cease without further notice at the date and time shown above [July 8, 2004, at 00:01:00]."
 {¶ 8} The reason for non-renewal listed in the notice is: "TARA WHITACRE has an Invalid License."
 {¶ 9} On June 27, 2004, after having received the notice of non-renewal, and before the expiration of her policy, Whitacre was involved in a motor vehicle accident while driving her car. Her driver's license had not been renewed or reissued. Whitacre filed a claim under the policy, but Safe Auto denied coverage, citing the limitation in the policy.
 {¶ 10} Whitacre brought this action for declaratory judgment against Safe Auto. Both parties moved for summary judgment. The trial court overruled Whitacre's motion for summary judgment, found Safe Auto's motion for summary judgment to be well-taken, and rendered summary judgment for Safe Auto.
 {¶ 11} From the summary judgment rendered against her, Whitacre appeals.
 II {¶ 12} Whitacre's sole assignment of error is as follows:
 {¶ 13} "THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO THE DEFENDANT BECAUSE THE LETTER OF JUNE 4, 2004 CREATES A GENUINE ISSUE OF MATERIAL FACT WITH RESPECT TO WHETHER THE UNLICENSED DRIVER CLAUSE OF THE POLICY WAS WAIVED WITH RESPECT TO THE APPELLANT."
 {¶ 14} In rendering summary judgment for Safe Auto, the trial court reasoned as follows:
 {¶ 15} "In this case there is no question but that Plaintiffs coverage was in effect when the accident occurred on June 27, 2004. Contained in her policy of insurance is a provision relating to the insured having a valid driver license. The policy provides in pertinent part:
 {¶ 16} "[']GENERAL PROVISIONS
 {¶ 17} "[']VALID DRIVER LICENSE
 {¶ 18} "[']No coverage is afforded under any section of this policy if the covered auto is being operated by a person who is not a qualified licensed driver, or is without a valid driver's license, or whose driver license is expired, revoked or suspended, or is in violation of any condition of their driving privileges, or is without privileges to drive for any reason.[']
 {¶ 19} "In order for Safe Auto to cover a claim the covered auto must be driven by a person with a valid driver's license. The policy is clear on its face. Plaintiff maintains the cancellation letter sent to the insured effectively gives her carte blanche coverage until July 7, 2004. This Court disagrees. [Emphasis in original.]
 {¶ 20} "Admittedly, Plaintiff was driving when the accident occurred. She concedes the fact she was driving with a temporary permit and did not have a valid driver with her at the time of the accident. [Footnote omitted.] Defendant agrees Plaintiff was covered under the policy at the time of the accident. Notwithstanding the facts of this case fall squarely under the exclusionary valid license section of the policy. Further, the cancellation notice has no affect [sic] on the policy in this case but to notify Plaintiff of the date of termination. Therefore, Safe Auto is not required under the contract to cover the claim.
 {¶ 21} "Accordingly, Defendant's Motion for Summary Judgment is GRANTED."
 {¶ 22} We can find no fault with the trial court's reasoning. The notice Safe Auto sent to Whitacre was clearly a notice of non-renewal, not a waiver of limitations upon the scope of coverage. No reasonable person could read it as constituting a waiver of the express limitations upon the scope of the coverage contained within the policy. As Safe Auto notes in its brief, had someone else been driving, had Whitacre been driving with a valid driver in the car, or had she obtained the reinstatement or renewal of her driver's license, at the time of the accident, there would have been coverage under the policy. The effect of the notice of non-renewal, regardless of Safe Auto's reason for having decided not to renew the policy, was merely to cause the policy not to renew, which it otherwise would have, pursuant to the renewal provisions at page 19 of the policy.
 {¶ 23} We conclude that there is no genuine issue of material fact, and that Safe Auto is entitled to judgment as a matter of law. Accordingly, Whitacre's sole assignment of error is overruled.
 III {¶ 24} Whitacre's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 . . . .
BROGAN and DONOVAN, JJ., concur.